## Napoleon WASHINGTON v. STATE.
### No. 13630.

Court of Criminal Appeals of Texas.

June 4, 1930.

E. A. Berry, of Houston, and Carl T. Harper, of Madisonville, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for manslaughter; punishment, two years in the penitentiary.

The record is here without any statement of facts or bills of exception. There are a number of exceptions to the court's charge, the correctness of which cannot be appraised in the absence of the statement of facts. The offense is correctly laid in the indictment, and the law appears correctly given in the charge, and is followed by the judgment and sentence.

The judgment will be affirmed.

---

## Elmira WILLIAMS v. STATE.
### No. 13397.

Court of Criminal Appeals of Texas.

May 28, 1930.

Roy Johnson, of Galveston, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for theft from the person (article 1437, Pen. Code); punishment being five years in the penitentiary.

No complaint of the instructions to the jury or of any proceeding during the trial is brought forward for review.

The facts have been examined, and are sufficient to support the verdict. There is a direct conflict between appellant's evidence and that of the prosecuting witness, but that issue of fact has been decided in favor of the state.

The judgment is affirmed.

---

## BORDERLAND UTILITIES v. Elvin JUMPER.
### No. 2444.

Court of Civil Appeals of Texas. El Paso.

June 12, 1930.

W. H. Lipscomb, of Fort Worth, for plaintiff in error.

T. F. Slack, of Pecos, for defendant in error.

PELPHREY, C. J.

In this cause plaintiff in error has filed no briefs, and it therefore becomes the duty of this court to dismiss the appeal, unless it appears from the record that fundamental error was committed in the disposition of the cause in the court below.

Defendant in error has filed a motion to strike plaintiff in error's brief and to dismiss the appeal.

No briefs having been filed, the motion to strike must be overruled.

We have examined the record for fundamental error, and, finding none, the appeal is dismissed.

HIGGINS, J., not sitting.